UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Diebold Nixdorf, Inc., et al., ) | CASE NO. 1: 15 CV 2153 |
| ) | |
| Plaintiffs, ) | JUDGE DONALD C. NUGENT |
| ) | |
| v. ) | |
| ) | MEMORANDUM OPINION |
| ) | AND ORDER |
| Nautilus Hyosung Inc, *et al.*, ) | |
| ) | |
| Defendants. ) | |

This matter comes before the Court on the Motions of Plaintiffs, Diebold Nexdorf, Inc. and Diebold Self-Service Systems (collectively "Diebold") to Lift Stay Pending ITC Investigation and to Transfer Venue to the District of Delaware. (ECF #27 and #28) Defendants Nautilus Hyosung Inc. and Nautilus Hyosung America, Inc. oppose both motions. For the reasons that follow, Plaintiffs' Motions to Lift Stay and Reinstate the case and to Transfer venue are granted.

Plaintiffs filed this patent action on October 19, 2015. Defendants filed an unopposed motion to stay the action pursuant to 28 U.S.C. § 1659(a) until final disposition of a related investigation pending in before the U.S. International Trade Commission ("ITC"). The Court granted the motion to stay on March 22, 2016. Thereafter, the Court occasionally set status conferences which were continued at the request of the parties. Finally, on November 19, 2018, the Court granted Defendants' motion to continue a status conference, and in light of the parties' request for an indefinite stay, dismissed the action without prejudice, stating that the parties will be permitted to petition the Court to re-instate the action upon completion of the ITC

investigation.

In their Motion to Lift Stay, Plaintiffs state that the ITC issued a final determination on May 18, 2017. Thereafter, the investigation proceeded to the Federal Circuit which issued its mandate on August 8, 2019. The time to seek a rehearing has passed. Accordingly, the ITC's co-pending investigation is concluded and there is no further need for a stay under § 1659(a) which provides for a stay "until the determination of the Commission is final."

Plaintiffs' also filed a companion Motion to transfer Venue to the District of Delaware based upon the Supreme Court's decision in *TC Heartland LLC v. Kraft Foods Grp. Brands*, 137 S.Ct. 1514(2017), which changed the law of venue in patent cases and was issued while this case was stayed. Plaintiffs ask the Court to transfer this action to the District of Delaware, where venue is proper, after the case is reinstated.

## **DISCUSSION**

Defendants oppose both motions on the ground that this Court dismissed the action without prejudice, which Plaintiffs did not oppose, thus Defendants assert that the Court should not reinstate the action and should not undertake a transfer analysis. Rather, they propose that Plaintiff file a new complaint in Delaware. The Court's dismissal order, instead of an order of indefinite stay, was entered for administrative purposes. The Order specifically contemplated reinstating the case upon the motion of a party following completion of the ITC investigation. Thus, the Court will treat Plaintiffs' Motion to Lift Stay as a Motion to Reinstate the action. Defendants do not dispute that the ITC investigation is complete. Accordingly, Plaintiffs' Motion to Reinstate the action is granted.

Following the Supreme Court's holding in *TC Heartland*, venue of this case is no longer

2

proper in the Northern District of Ohio. Under *TC Heartland*, venue in patent cases is limited to (1) the defendant's state of incorporation or (2) where the defendant commits an act of infringement and has a regular and established place of business. Here, Defendant Nautilus Hyosung Inc. is a company organized and existing under the laws of South Korea and Nautilus Hyosung America is a company organized and existing under the laws of Delaware. Plaintiffs state that they are not aware of any regular and established place of business for Hyosung in this District. Plaintiffs contend that venue is proper in the District of Delaware because Nautilus Hyosung is a Delaware corporation and thus resides there for venue purposes under 28 U.S.C. § 1400(b) and as a foreign corporation, Nautilus Hyosung Inc. can be sued in any district under 28 U.S.C. § 1391(c)(3). Defendants do not dispute that venue of this action is proper in the District of Delaware.

Under 28 U.S.C. § 1406(a) "the district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." Courts have generally determined that transfer is preferred over dismissal, "'transfer is generally considered to be more in the "interest of justice" than dismissal and, therefore, doubts should be resolved in favor of preserving the action, particularly where it appears that venue may be proper laid in the proposed transferee district.'" *Automated Packaging Sys., Inc. v. Free-Flow Packaging Int'l, Inc.*, No. 5:14-CV-2022, 2018 WL 400326, at *10 (N.D. Ohio Jan. 12, 2018) citing *Simpson Performance Prods., Inc. v. NecksGen, Inc.*, No. 5:16–CV–00153–RLV–DCK, 2017 WL 3616764, at *8 (quoting *Nat'l v. United States Gov't*, 512 F.Supp. 121, 126–27 (S.D. Ohio 1981)).

Here the Plaintiffs assert and Defendants do not disagree that venue would be proper in the District of Delaware. Transferring this case, rather than dismissing it is in the interest of justice because transfer would allow for adjudication of the case on the merits and give appropriate weight to the Plaintiffs' choice of forum. Further, there is no evidence that transfer to the District of Delaware, would prejudice Defendants or impair their ability to litigate this action. As such, the Court finds that transfer of venue to the District of Delaware in this case is appropriate under 28 U.S.C. 1406(a). Accordingly, Plaintiffs' Motion to transfer venue is granted.

## CONCLUSION

For the reasons set forth above, Plaintiffs' Motions to Lift Stay (or to Reinstate the Case) (ECF #27) and to Transfer Venue to the District of Delaware (ECF #28) are granted. This case is hereby reinstated and the Clerk of Courts is directed to transfer this matter to the United States District Court for the District of Delaware.

IT IS SO ORDERED.

DATED: September 9, 2019

DONALD C. NUGENT
United States District Judge