# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DIEBOLD NIXDORF, INC., and<br>DIEBOLD SELF SERVICE SYSTEMS, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | C.A. No. 19-1695-LPS |
| | : | |
| HYOSUNG TNS, INC., and<br>NAUTILUS HYOSUNG AMERICA, INC., | : | |
| | : | |
| Defendants. | : | |

Rodger D. Smith II and Jennifer A. Ward, MORRIS, NICHOLS, ARSHT & TUNNELL LLP, Wilmington, DE

Keith E. Broyles, David S. Frist, and Joshua M. Weeks, ALSTON & BIRD LLP, Atlanta, GA

      Attorneys for Plaintiffs.


Kelly E. Farnan, RICHARDS, LAYTON & FINGER, P.A., Wilmington, DE

Kevin C. Wheeler, LATHAM & WATKINS LLP, Washington, DC

Amit Makker, LATHAM & WATKINS LLP, San Francisco, CA

      Attorneys for Defendants.


## MEMORANDUM OPINION


March 4, 2021
Wilmington, Delaware

UNSEALED ON
MARCH 8, 2021

**STARK, U.S. District Judge:**

Pending before the Court are Plaintiffs Diebold Nixdorf, Inc. and Diebold Self Service Systems' (collectively, "Diebold") motion to dismiss Defendants Hyosung TNS, Inc. and Nautilus Hyosung America Inc.'s (collectively, "Hyosung") counterclaim from Defendants' first amended answer (D.I. 69), pursuant to Federal Rule of Civil Procedure 12(b)(6), and motion to strike Defendants' affirmative defense of inequitable conduct (the Eighth Affirmative Defense in Defendants' first amended answer (D.I. 69)), pursuant to Federal Rule of Civil Procedure 12(f). (D.I. 74)  The Court reviewed the parties' briefs (D.I. 75, 81, 85) and exhibits (D.I. 76).  The Court also held a hearing via videoconference on December 21, 2020, at which both sides presented oral argument.  (D.I. 117) ("Tr.")  For the reasons stated below, the Court will grant-in-part and deny-in-part Plaintiffs' motions.

## I.    BACKGROUND

On October 19, 2015, Plaintiffs brought a patent infringement lawsuit in the Northern District of Ohio against Defendants.  The case was stayed for nearly four years in light of the related investigation pending before the U.S. International Trade Commission ("ITC") and a subsequent appeal.  The ITC ultimately found a violation by Defendants and issued exclusion and cease and desist orders.  The Federal Circuit upheld the ITC's decision as to U.S. Patent No. 7,832,631 (the "'631 patent"), but reversed the decision as to U.S. Patent No. 6,082,616 (the "'616 patent"), the latter on the grounds that the issues were moot because the patent had expired.

After the ITC investigation, the Northern District of Ohio lifted the stay and subsequently transferred the case to this Court based on the Supreme Court's decision in *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 137 S. Ct. 1514 (2017).  On September 27, 2019, Plaintiffs filed

an amended complaint, alleging that Defendants infringed the '616 and '631 patents. (*See* D.I. 38)

On July 10, 2020, Defendants filed an amended answer, in which they added a new affirmative defense and counterclaim of inequitable conduct relating to the '616 patent. (*See* D.I. 69) Defendants' inequitable conduct claim is based on: (1) failure by a list of "named inventors" to disclose to the United States Patent Office ("PTO") the 1064i automated teller machine ("ATM"); and (2) failure by Kim R. Lewis and Richard C. Lute (two named inventors of the '616 patent) to disclose to the PTO four prior art patents (i.e., U.S. Patent Nos. 5,483,047 (the "'047 patent"), 5,788,348 (the "'348 patent"), 5,642,922 (the "'922 patent"), and 6,010,065 (the "'065 patent"). (*See* D.I. 69 ¶¶ 9-78)

On July 31, 2020, Plaintiffs moved to dismiss Defendants' counterclaim and to strike Defendants' affirmative defense.

## II.    LEGAL STANDARDS

### A.    Motion to Dismiss

Evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) requires the Court to accept as true all material allegations of the complaint. *See Spruill v. Gillis*, 372 F.3d 218, 223 (3d Cir. 2004). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (internal quotation marks omitted). Thus, the Court may grant such a motion to dismiss only if, after "accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief." *Maio v. Aetna, Inc.*, 221 F.3d 472, 481-82 (3d Cir. 2000) (internal quotation marks omitted).

However, "[t]o survive a motion to dismiss, a civil plaintiff must allege facts that 'raise a right to relief above the speculative level on the assumption that the allegations in the complaint are true (even if doubtful in fact).'" *Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  At bottom, "[t]he complaint must state enough facts to raise a reasonable expectation that discovery will reveal evidence of [each] necessary element" of a plaintiff's claim. *Wilkerson v. New Media Tech. Charter Sch. Inc.*, 522 F.3d 315, 321 (3d Cir. 2008) (internal quotation marks omitted).

The Court is not obligated to accept as true "bald assertions," *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (internal quotation marks omitted), "unsupported conclusions and unwarranted inferences," *Schuylkill Energy Res., Inc. v. Pa. Power & Light Co.*, 113 F.3d 405, 417 (3d Cir. 1997), or allegations that are "self-evidently false," *Nami v. Fauver*, 82 F.3d 63, 69 (3d Cir. 1996).

### B.    Motion to Strike

"Rule 12(b)(6) does not offer a mechanism for dismissing an affirmative defense." *Wyeth Holdings Corp. v. Sandoz, Inc.*, 2012 WL 600715, at *4 (D. Del. Feb. 3, 2012).  Instead, "pursuant to Rule 12(f), the Court may strike from a pleading any insufficient defense." *Id.* (internal quotation marks omitted).  A court should not strike a defense unless the insufficiency is "'clearly apparent.'" *Fesnak & Assocs., LLP v. U.S. Bank Nat'l Ass'n*, 722 F. Supp. 2d 496, 502 (D. Del. 2010) (quoting *Cipollone v. Liggett Grp., Inc.*, 789 F.2d 181, 188 (3d Cir. 1986)). However, "a court is not required to accept affirmative defenses that are mere bare bones

conclusory allegations, and may strike such inadequately pleaded defenses." *Sun Microsystems, Inc. v. Versata Enters.*, Inc., 630 F. Supp. 2d 395, 408 (D. Del. 2009).

### C.    Inequitable Conduct

An individual associated with the filing and prosecution of a patent application engages in inequitable conduct when he or she makes an affirmative misrepresentation of a material fact, fails to disclose material information, or submits false material information to the PTO, with a specific intent to deceive the PTO. *See Star Sci., Inc. v. R.J. Reynolds Tobacco Co.*, 537 F.3d 1357, 1365 (Fed. Cir. 2008).  To prevail on the merits, "the accused infringer must prove by clear and convincing evidence that the applicant knew of the reference, knew that it was material, and made a deliberate decision to withhold it." *Therasense, Inc. v. Becton, Dickinson & Co.*, 649 F.3d 1276, 1290 (Fed. Cir. 2011).  With regard to materiality, the party making the inequitable conduct claim must show that but for an omission or misrepresentation by the patent applicant, the PTO would not have allowed a patent claim to issue. *See id.* at 1291-92. "Intent and materiality are separate requirements." *Id.* at 1290.  Intent may be inferred from indirect and circumstantial evidence. *See id.* "[T]o meet the clear and convincing evidence standard, the specific intent to deceive must be the single most reasonable inference able to be drawn from the evidence." *Id.* (internal quotation marks omitted).

Proof by clear and convincing evidence is not required at the pleading stage. *See Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1329 n.5 (Fed. Cir. 2009).  However, the allegations must be pled with particularity pursuant to Federal Rule of Civil Procedure 9(b). *See id.* at 1328-29.

> [T]o plead the "circumstances" of inequitable conduct with the requisite "particularity" under Rule 9(b), the pleading must identify the specific who, what, when, where, and how of the material misrepresentation or omission committed before the PTO.

> Moreover, although "knowledge" and "intent" may be averred
> generally, a pleading of inequitable conduct under Rule 9(b) must
> include sufficient allegations of underlying facts from which a
> court may reasonably infer that a specific individual (1) knew of
> the withheld material information or of the falsity of the material
> misrepresentation, and (2) withheld or misrepresented this
> information with a specific intent to deceive the PTO.

*Id.* Although a party may plead facts upon "information and belief," it must also set forth the

"specific facts upon which the belief is reasonably based." *Id.* at 1330.

## III.    DISCUSSION

In both their affirmative defense and counterclaim, Defendants' allegations of inequitable

conduct are based on (1) the failure to disclose the 1064i ATM to the PTO by a list of "named

inventors" of the '616 patent; and (2) the failure to disclose four patents to the PTO by Kim R.

Lewis and Richard C. Lute, both of whom are inventors of the '616 patent.  The Court will

address both issues.

### A.    Failure To Disclose The 1064i ATM

Plaintiffs do not dispute that the 1064i ATM is but-for material to the patentability of

the '616 patent.  Therefore, the materiality requirement of *Therasense* is satisfied.  Plaintiffs'

motion is based on issues relating to the adequacy of Defendants' pleading of knowledge and

intent.

Plaintiffs contend that Defendants' allegations that the non-disclosure was committed by

"named inventors" are deficient because they fail to identify specific individuals.  (*See* D.I. 75 at

6-7; *see also Exergen*, 575 F.3d at 1328)  The Court disagrees.  In their pleadings, Defendants

list a group of inventors by name and allege that each one of the group of individuals engaged in

inequitable conduct.  (*See* D.I. 69 ¶¶ 16-20; *see also* D.I. 81 at 11-13; *Int'l Bus. Machines Corp.*

*v. Priceline Grp.*, Inc., 2017 WL 1349175, at *9 (D. Del. Apr. 10, 2017) (holding that claims

against "named inventors" could meet *Exergen*'s "who" requirement if "they could be understood to accuse each of the members of a known, clearly ascertainable group")) These allegations are distinguishable from those that other courts have found deficient when made against unidentified individuals or corporate entities. *See, e.g., Senju Pharm. Co. v. Apotex, Inc.,* 921 F. Supp. 2d 297, 307 (D. Del. 2013) (casting net around inventors and those acting on their behalf is deficient); *XpertUniverse, Inc. v. Cisco Sys., Inc.*, 868 F. Supp. 2d 376, 381 (D. Del. 2012) (holding "Abraham Zelkin or one or more of the other individuals listed as an inventor" to be deficient); *Int'l Bus. Machines*, 2017 WL 1349175, at *8 (holding that allegations directed against corporate entities cannot serve as basis for inequitable conduct counterclaim).

Plaintiffs next fault Defendants' pleading of knowledge "on information and belief" because Defendants failed to set forth the facts upon which the belief is reasonably based. (*See* D.I. 75 at 8) Plaintiffs' argument fails. In their pleadings, Defendants allege that one of the inventors, Douglas Kovacs, was aware of the 1064i ATM. (D.I. 69 ¶ 25) Defendants also allege that "the named inventors sought to improve the existing Diebold 1064i ATM when they allegedly conceived of the invention of the '616 patent." (*Id.* ¶ 22) These allegations sufficiently disclose the basis for Defendants' "information and belief" that all named inventors were aware of the 1064i ATM. (*See* D.I. 81 at 14)

Finally, Plaintiffs contend that Defendants failed to adequately allege intent to deceive the PTO. (*See* D.I. 75 at 9) Contrary to Plaintiffs' view, Defendants are not required at the pleading stage to prove (or even plead) that a specific deceptive intent is the single most reasonable inference to be drawn from the facts alleged. Rather, at this early stage, the Court only assesses "whether the facts as pled give rise to a reasonable inference that material information was misrepresented with the specific intent . . . to deceive the PTO." *Wyeth*, 2012

WL 600715, at *9.  Defendants meet this standard.  The requisite specific intent may reasonably

be inferred from the allegations that (a) Douglas Kovacs testified at deposition that "he could not

recall any differences between the 1064i ATM and the 1064ix ATM other than the service

opening" (D.I. 69 ¶ 25; *see also* D.I. 76 Ex. 1); (b) "the named inventors sought to improve the

existing Diebold 1064i ATM when they allegedly conceived of the invention of the '616 patent"

(D.I. 69 ¶ 22); and (c) the named inventors knew that the 1064i ATM was material to the

patentability of the '616 patent but failed to disclose it to the PTO (*id.* ¶¶ 42-48).  *See generally*

*Zadro Prods. v. SDI Techs., Inc.*, 2019 WL 1100470 (D. Del. Mar. 8, 2019) (finding deceptive

intent from fact that applicant withheld prior art product which she knew would be material to

patentability of claimed invention).  Whether Defendants will ultimately prove that a specific

intent to deceive is the single most reasonable inference is a matter for another day.  The Court

holds today that their allegations are sufficient to survive the pending motion.

**B.      Failure To Disclose Four Prior Art Patents**

Plaintiffs contend that Defendants' inequitable conduct counterclaim based on the four

prior art patents must be dismissed because the patents are either immaterial or cumulative.  (*See*

D.I. 75 at 13-14)  Plaintiffs insist that the '047 patent lacks but-for materiality because the

Examiner had independently considered it during the prosecution of the '616 patent, and that

the '922, '065, and '348 patents are cumulative to the '047 patent.  (*See id.*)

Defendants do not dispute Plaintiffs' contention that the '047 patent lacks materiality.

They also do not effectively deny that the '922 and the '065 patents are cumulative to the '047

patent.  (*See* D.I. 81 at 17-19)  Hence, Defendants have failed to state a plausible claim of

inequitable conduct based on the non-disclosure of these three patents.

However, the Court agrees with Defendants that it cannot conclude, based on the pleadings, that the '348 patent – which is a continuation-in-part of the '047 patent and contains additional disclosures – is cumulative. (*See id.* at 17; *see also* D.I. 85 at 9)  The pleadings contain specific allegations that the '348 patent "describes numerous reasons and motivations that would lead a person having ordinary skill in the art to the alleged inventions of the '616 patent with predictable results and expected success." (D.I. 69 ¶¶ 69-70)  Taking the well-pled factual allegations as true, the Court cannot conclude at this stage that the '348 patent would "teach[] no more than what a reasonable examiner would consider to be taught by the prior art already before the PTO." *Regeneron Pharm., Inc. v. Merus N.V.*, 864 F.3d 1343, 1350 (Fed. Cir. 2017) (internal citation omitted).

Plaintiffs also challenge the but-for materiality of the '348 patent, contending that Defendants failed to explain how the '348 patent would change the obviousness analysis. (*See* D.I. 85 at 9-10)  However, at the pleading stage, the Court does not decide the merits of the claim, focusing instead on whether materiality was properly alleged with sufficient particularity. *See Evonik Degussa GmbH v. Materia Inc.*, 2012 WL 4503771, at *6 (D. Del. Oct. 1, 2012).  Here, since Defendants' allegations set out a particular factual basis for the but-for materiality of the '348 patent (*see* D.I. 69 ¶¶ 69-70), Defendants have satisfied the materiality requirement for purposes of the pleading stage.

Plaintiffs do not dispute that Kim R. Lewis and Richard C. Lute, inventors of the '348 patent, knew of the patent. (*See* D.I. 69 ¶ 53)  Plaintiffs' argument that Defendants fail to allege that these inventors were aware of the materiality of the '348 patent (*see* D.I. 75 at 17-18) is unavailing.  Defendants allege that "[o]n information and belief, at least Kim R. Lewis and Richard C. Lute knew during prosecution of the '616 patent that the withheld information

8

discussed above would have been highly material to the patentability of the claims of the '616 patent." (D.I. 69 ¶ 73) The factual basis for this "information and belief" is that during the prosecution of the '616 patent, the Examiner rejected all pending claims in view of the '047 patent. (*Id.* ¶ 49) Since the '348 patent and the '047 patents are related and disclose similar subject matter, it is reasonable to infer that Kim R. Lewis and Richard C. Lute knew that the '348 patent is also material to the patentability of the '616 patent. *See Int'l Bus. Machines*, 2017 WL 1349175, at *13 (finding knowledge of materiality related to prior art reference when PTO rejected claims in sibling application). Hence, just as Defendants adequately alleged that Kim R. Lewis and Richard C. Lute knew the materiality of the '348 patent and failed to disclose it to the PTO, the pleadings here also adequately allege their deceptive intent. *See Zadro*, 2019 WL 1100470, at *5.

IV.   **CONCLUSION**

    For the foregoing reasons, the Court will grant in part and deny in part Plaintiffs' motion. An appropriate order follows.